**FILED**
VANESSA L. ARMSTRONG, CLERK

SEP 0 1 2015

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA

v.

**AHSON TAHRANI TORABI**

INDICTMENT

NO. 3:15-CR-100-DJH

18 U.S.C. § 1030(a)(4)
18 U.S.C. § 1028A

At all times material herein:

## INTRODUCTION

1. Churchill Downs, Inc. ("Churchill Downs") is a multi-state, publicly traded company with racetracks and casinos across the United States, including Churchill Downs, a thoroughbred racetrack located in Louisville, Kentucky, and most famous for annually hosting the Kentucky Derby on the first Saturday in May. Churchill Downs also owns Churchill Downs Technology Initiatives Company d/b/a TwinSpires (hereinafter "TwinSpires"). TwinSpires is an online wagering company, operating through a website with the URL www.TwinSpires.com.

2. TwinSpires.com offers an advance-deposit wagering service for Churchill Downs and its family of racetracks to residents of 34 states in the United States. Registered users of the website, TwinSpires.com, can deposit funds into their account for use in wagering by credit card, debit card, or Automated Clearing House ("ACH") transfer from the user's bank account. ACH is a secure payment transfer system, and is used by many financial institutions, and in this case would allow a TwinSpires.com user to transfer funds from their bank account to the user's TwinSpires.com account.

3. At all times relevant to this Indictment, in order to register an online TwinSpires.com account, a user had to provide personal identifying information ("PII"), including name, address,

date of birth, and Social Security number, as well as a credit or debit card number, or a bank account number from which ACH transfers to the user's online gaming account would be made. The PII was validated immediately using an expedited credit check, while confirmation that the bank account information was valid typically took 24 hours. In some instances, however, the bank account verification could take longer, such as if a user registered for a TwinSpires.com account on a Friday, it could take until the following Monday before TwinSpires received verification that the bank account information provided was valid.

4. Upon verification of the PII, Churchill Downs would allow the user to make an initial transfer into the account. This transfer was limited to $100, pending verification of the bank account. At that point, the user could begin placing wagers using the $100 they had purportedly transferred into their TwinSpires.com account. If the banking information failed verification, the user's TwinSpires.com account was locked to prevent further wagering, and a letter of payment due was sent to the account user.

5. TwinSpires had "protected computers." These protected computers were connected to the Internet and used in interstate and foreign commerce and communication. These protected computers could be accessed by third parties to create, among other things, an on-line TwinSpires.com account for placing wagers on horse racing. Churchill Downs and TwinSpires.com customers are not authorized to open on-line accounts in the name of third parties, or to provide false and fraudulent information when opening an account.

6. TwinSpires covered any wagers placed by an account holder while the bank verification process was conducted. In or about September 2014, information technology personnel determined that multiple fraudulent accounts were being registered on the TwinSpires.com website by one user, the defendant, **AHSON TAHRANI TORABI,** with a

2

cache of valid PII of other persons, which was being used without their knowledge or authorization. In addition, the fraudulent accounts were being set up for ACH transfer of funds from a bank account into the TwinSpires.com, and accounts were being opened with a valid bank routing number, but with an account number that was subsequently determined, through the account verification process, to be invalid. TwinSpires has sustained a monetary loss as a result of wagering activity conducted on fraudulent TwinSpires.com accounts created by the defendant, **AHSON TAHRANI TORABI.**

The Grand Jury charges:

## COUNTS 1-10

Beginning on or about July 12, 2013, and continuing to on or about March 24, 2015, in the Western District of Kentucky, Jefferson County, Kentucky, and elsewhere, the defendant, **AHSON TAHRANI TORABI,** knowingly and with the intent to defraud, accessed protected computers of TwinSpires, by and through its website, TwinSpires.com, without authorization, and in excess of his authorized access. More specifically, the defendant, **AHSON TAHRANI TORABI**, used a computer to open over 450 fraudulent on-line accounts for placing wagers on horse racing, using PII of other persons without their knowledge or authorization, and provided invalid bank account information. **TORABI** did so with the intent to use the $100 ACH transfer TwinSpires allowed upon registration during the 24-72 hour period required to verify bank account information, without payment to TwinSpires, and by means of such conduct furthered the intended fraud, and caused an actual loss to TwinSpires in excess of $100,000.

On or about the dates set forth below, in the Western District of Kentucky, and elsewhere, the defendant, **AHSON TAHRANI TORABI**, knowingly and with intent to defraud, accessed protected computers of TwinSpires, without authorization and in excess of his

authorized access, to register the following TwinSpires.com accounts, using the PII of other persons without their knowledge or authorization, and to place on-line wagers through the accounts:

| Count | Date | PII Victim | Loss |
|---|---|---|---|
| 1 | 12/4/13 | G.L. | $125 |
| 2 | 3/11/14 | P.R. | $125 |
| 3 | 3/17/14 | H.M. | $125 |
| 4 | 4/10/14 | P.K. | $99 |
| 5 | 4/25/14 | A.H. | $900 |
| 6 | 6/12/14 | R.R. | $1,000 |
| 7 | 8/6/14 | A.K. | $1,000 |
| 8 | 8/28/14 | N.H. | $100 |
| 9 | 9/9/14 | K.W. | $800 |
| 10 | 2/19/15 | K.F | $4,000 |

In violation of Title 18, United States Code, Section 1030(a)(4).

The Grand Jury further charges:

## COUNT 11

On or about December 4, 2013, in the Western District of Kentucky, Jefferson County, Kentucky, and elsewhere, the defendant, **AHSON TAHRANI TORABI**, did knowingly possess and use, without lawful authority, means of identification of another person, that is, the name,

address, date of birth, and Social Security number of G.L., during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1030(a)(4), specifically fraud and related activity in connection with computers, as charged in Count 1 of this Indictment and incorporated here by reference.

In violation of Title 18, United States Code, Section 1028A.

The Grand Jury further charges:

## COUNT 12

On or about February 19, 2015, in the Western District of Kentucky, Jefferson County, Kentucky, and elsewhere, the defendant, **AHSON TAHRANI TORABI**, did knowingly possess and use, without lawful authority, means of identification of another person, that is, the name, address, date of birth, and social security number of K.F., during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1030(a)(4), specifically fraud and related activity in connection with computers, as charged in Count 10 of this Indictment and incorporated here by reference.

In violation of Title 18, United States Code, Section 1028A.

A TRUE BILL.

FOREPERSON

_/s/ Laura Ichall_
JOHN E. KUHN, JR.
UNITED STATES ATTORNEY

JEK:MJF:082415

UNITED STATES OF AMERICA v. AHSON TAHRANI TORABI

## PENALTIES

Counts 1-10:  NM 5 yrs./$250,000/both/NM 3 yrs. Supervised Release (each count)
Counts 11-12: 2 years consecutive/$250,000/NM 3 yrs. Supervised Release (each count)

## NOTICE

**ANY PERSON CONVICTED OF AN OFFENSE AGAINST THE UNITED STATES SHALL BE SUBJECT TO SPECIAL ASSESSMENTS, FINES, RESTITUTION & COSTS.**

SPECIAL ASSESSMENTS

18 U.S.C. § 3013 requires that a special assessment shall be imposed for each count of a conviction of offenses committed after November 11, 1984, as follows:

| | | | |
|---|---|---|---|
| Misdemeanor: | $ 25 per count/individual | Felony: | $100 per count/individual |
| | $125 per count/other | | $400 per count/other |

FINES

In addition to any of the above assessments, you may also be sentenced to pay a fine. Such fine is due immediately unless the court issues an order requiring payment by a date certain or sets out an installment schedule. You shall provide the United States Attorney's Office with a current mailing address for the entire period that any part of the fine remains unpaid, or you may be held in contempt of court. 18 U.S.C. § 3571, 3572, 3611, 3612

**Failure to pay fine as ordered may subject you to the following:**

1.  **INTEREST** and **PENALTIES** as applicable by law according to last date of offense.

    For offenses occurring after December 12, 1987:

    No **INTEREST** will accrue on fines under $2,500.00.

    **INTEREST** will accrue according to the Federal Civil Post-Judgment Interest Rate in effect at the time of sentencing. This rate changes monthly. Interest accrues from the first business day following the two week period after the date a fine is imposed.

    **PENALTIES** of:

    10% of fine balance if payment more than 30 days late.

    15% of fine balance if payment more than 90 days late.

2.  Recordation of a **LIEN** shall have the same force and effect as a tax lien.

3.  Continuous **GARNISHMENT** may apply until your fine is paid.

18 U.S.C. §§ 3612, 3613

> If you **WILLFULLY** refuse to pay your fine, you shall be subject to an **ADDITIONAL FINE** of not more than the greater of $10,000 or twice the unpaid balance of the fine; or **IMPRISONMENT** for not more than 1 year or both. 18 U.S.C. § 3615

RESTITUTION

If you are convicted of an offense under Title 18, U.S.C., or under certain air piracy offenses, you may also be ordered to make restitution to any victim of the offense, in addition to, or in lieu of any other penalty authorized by law.  18 U.S.C. § 3663

APPEAL

If you appeal your conviction and the sentence to pay your fine is stayed pending appeal, the court shall require:

1. That you deposit the entire fine amount (or the amount due under an installment schedule during the time of your appeal) in an escrow account with the U.S. District Court Clerk, or

2. Give bond for payment thereof.

18 U.S.C. § 3572(g)

PAYMENTS

If you are ordered to make payments to the U.S. District Court Clerk's Office, certified checks or money orders should be made payable to the Clerk, U.S. District Court and delivered to the appropriate division office listed below:

LOUISVILLE:	Clerk, U.S. District Court
106 Gene Snyder U.S. Courthouse
601 West Broadway
Louisville, KY  40202
502/625-3500

BOWLING GREEN:	Clerk, U.S. District Court
120 Federal Building
241 East Main Street
Bowling Green, KY  42101
270/393-2500

OWENSBORO:	Clerk, U.S. District Court
126 Federal Building
423 Frederica
Owensboro, KY  42301
270/689-4400

PADUCAH:	Clerk, U.S. District Court
127 Federal Building
501 Broadway
Paducah, KY  42001
270/415-6400

If the court finds that you have the present ability to pay, an order may direct imprisonment until payment is made.

FORM DBD-34
JUN.85

No. _____

# UNITED STATES DISTRICT COURT
Western District of Kentucky
Louisville Division

THE UNITED STATES OF AMERICA
vs.

AHSON TAHRANI TORABI

## INDICTMENT

**Title 18 U.S.C. §§ 1030(a)(4); 1028A: Unauthorized Access of Protected Computers with the Intent to Defraud; Aggravated Identity Theft.**

*A ti*

_____ *eperson*

*Filed in open court this 1st day of September, 2015.*

_____ *Clerk*

*Bail, $*

**FILED**
VANESSA L. ARMSTRONG, CLERK

SEP 0 1 2015

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY