UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
**(Electronically Filed)**

**CRIMINAL ACTION NO.  3:15CR-00100**
**UNITED STATES OF AMERICA,**                                         **PLAINTIFF,**

**vs.**

**ASHON TAHRANI TORABI ,**                                   **DEFENDANT.**

### SENTENCING MEMORANDUM

Comes the defendant, Ahson Torabi, and moves this Honorable Court for a downward variance from the guideline range based on the factors contained in § 3553(a) and especially the facts and circumstances of this defendant.  In support, the defense states as follows:

### Introduction

Mr. Torabi has plead guilty to multiple counts of computer fraud pursuant to 18 U.S.C. § 1030(a)(4), stemming from activity connected to Twin Spires.com, an on-line gambling cite. The cite would permit users to open an account and while bank verification of funds were being completed, the cite advanced a sum of $100.00 for players to use on wagering in the meantime. If the accounts were verified, usually

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

1

within 48 hours, the account would remain open and the $100.00 would be deducted from the funds available. If the account came back as unverified, the individual would be later billed for that amount. The indictment set forth ten separate instances where they linked fraudulent accounts to the defendant.

## Guideline Calculations and Plea Agreement

The plea agreement between the parties found an adjusted offense level of 15 with the defense being permitted to argue against the +2 (included in that calculation) for sophisticated means. The plea agreement also specifically excluded a +2 level bump for number of victims and permitted defense counsel to ask for a variance.

Probations calculations included the +2 level increase for number of victims, but did not include sophisticated means. Probation also found an adjusted offense level of 15, with a criminal history score of I. 15/1= a range of imprisonment of 18 to 24 months in zone D. If this court were to also exclude the sophisticated means increase, he would score at 13/I or 12-18 months in zone C.

## Sophisticated Means Should Not Apply

§ 2B1.1 (b)(10) is applied when there has been "especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense." The example given is where in a telemarketing scheme, the main office and the soliciting office are in different jurisdictions or assets are hidden through a

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

2

corporate shell game. The conduct here merely took advantage of some security holes in the program, which anyone accessing the program with bad intent would have been able to find. The fraudulent accounts opened by the defendant were in most cases, discovered within 48 hours. Mr. Torabi's lack of sophisticated means was the reason he was discovered, as the majority of the accounts in question came back to a web address associated with Mr. Torabi.

In addition, when Mr. Torabi changed the mailing address of a check to his address, this also showed not sophisticated means, but the opposite, leading authorities straight to his door. This enhancement should not be applied in this case.

### A. Facts in support of a variance

Mr. Torabi states that he began this initial fraud conduct when his parents were facing foreclosure of their home. In addition, he states, at this same time, his only child was born. Mr. Torabi and the mother of the child began having serious custody issues almost immediately. Mr. Torabi reports that his child was abducted by the child's mother and relocated to Canada. He was forced to incur expenses and miss days of work in order to attempt to have the child returned to the United States. After the child's return, the mother of the child continued to keep the child away from Mr. Torabi and violate various court orders. At one point, Mr. Torabi was dismissed from his job on his first day because he had to leave work and follow up filing another missing person's report on the child. Ashton believes that these life

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

3

stressors fueled a gambling addiction that created the conduct involved in this case. Mr. Torabi has been told by the child's mother that should he be sent to prison, the child will again be taken to Canada and he will never see the child again.

The Pre-sentence report categorizes him as a criminal history category I, with no adult or juvenile convictions on his record. While he has been on pre-trial release in this case, he has not violated any of the pre-trial conditions and has been compliant with court conditions and court appearances (excepting one instance when his plane was delayed but he made it to court later that day.) Mr. Torabi states he now has sole custody of his child and is attempting to lead a law abiding life.

### B. A Reasonable Sentence

18 § U.S.C.A. 3553(a) requires:

> **(a) Factors to be considered in imposing a sentence.**-- The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
> **(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> **(2)** the need for the sentence imposed--
>
> **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> **(B)** to afford adequate deterrence to criminal conduct;
> © to protect the public from further crimes of the defendant; and

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

4

**(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

**(3)** the kinds of sentences available;

**(4)** the kinds of sentence and the sentencing range established for--

**(A)** the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--

**(I)** issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

**(ii)** that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

**(B)** in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

**(5)** any pertinent policy statement--

**(A)** issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

**(B)** that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

**(6)** the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

**(7)** the need to provide restitution to any victims of the offense.

**C. Factors in this case**.

The person before to court to be sentenced, is not a career criminal. He feels extreme remorse for this situation and need not be sent to prison in order to send a message to the community. Mr. Torabi states his health is failing and is in need of further testing to obtain a diagnosis. If this Honorable Court were to find he fell into zone C, or merely give him a variance, this court could sentence him to house arrest and a term of either supervised release or probation. In the alternative, the court could sentence him to one year and one day. This sentence would certainly be sufficient, but not greater than necessary, to meet the goals of punishment and deterrence.

Respectfully submitted,

s/Laura R. Wyrosdick
Assistant Federal Defender
200 Theatre Building
Louisville, Kentucky 40202
(502) 584-0525

Counsel for Defendant.

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

6

## CERTIFICATE

      I certify that a copy of the foregoing memorandum was served on the United States by mailing and delivering same to its counsel of record, Ms. Marisa Ford, Esq., Assistant United States Attorney, on this 10th day of January, 2017.

                                        s/Laura R. Wyrosdick

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808